**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000661
27-AUG-2020
07:47 AM**

NO. CAAP-19-0000661

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KR, Plaintiff-Appellant,
v.
TR, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(Case No. FC-D No. 17-1-6978)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Plaintiff-Appellant KR (**Father**) appeals from the "Decision and Order re Extended Hearing" (**Post-Decree Order**) entered by the Family Court of the First Circuit[1] on August 27, 2019.  For the reasons explained below, we affirm the Post-Decree Order.

**BACKGROUND**

Father and Defendant-Appellee TR (**Mother**) were married and had one child (**Child**).  Father filed for divorce on June 13, 2017.  The family court appointed Barbara Higa Rogers, PsyD., LCSW, as custody evaluator.  Dr. Rogers submitted her custody evaluation on November 16, 2017.  The Divorce Decree was entered

---

[1]    The Honorable Naʻunanikinaʻu A. Kamaliʻi presided.

on February 27, 2018.[2]  Father and Mother were awarded joint legal and physical custody of Child.

On April 22, 2019, Mother filed a motion for post-decree relief.  Mother stated that she intended to temporarily relocate to North Carolina, and requested that Father be the "educational parent"[3] subject to a proposed long-distance co-parenting plan.  On May 29, 2019, Father filed a motion for post-decree relief.  Father requested sole legal and physical custody of Child, "subject to Mother's visitation on the island of [Oʻahu]."

Evidentiary hearings on both motions were conducted on June 6, June 21, and July 5, 2019.  The family court entered the Post-Decree Order on August 27, 2019.  By that time, Mother had relocated.  The Post-Decree Order provided, in relevant part:

> D.    The Court finds credible Mother's testimony that she moved to North Carolina on a temporary basis to give birth to a newly conceived child,[4] attend school and secure employment while she furthers her education and increases career options;
>
> . . . .
>
> The disputed issues raised in Mother's Motion and Father's Motion are as follows:
>
> 1.  Legal custody; [and]
>
> 2.  Physical custody (The parties agree that Father will have physical custody while Mother resides outside of Hawaii)[.]
>
> . . . .
>
> NOW THEREFORE, in the best interest of the child, the Court hereby orders that Mother's Motion and Father's Motion are granted in part and denied in part as follows:
>
> I.    **LEGAL CUSTODY and PHYSICAL CUSTODY WHILE MOTHER RESIDES IN THE STATE OF HAWAII**

---

[2]    The Honorable Kevin A. Souza signed the Divorce Decree.

[3]    Mother clarified that Father being the "educational parent" meant that Father will make decisions regarding Child's education in Hawaiʻi while Mother is temporarily in North Carolina.

[4]    Father is not the biological father of the child expected by Mother.

When Mother moves back to and resides in the State of Hawaii, legal and physical custody shall be consistent with the provisions regarding legal custody, physical custody and visitation as provided in the Divorce Decree filed February 27, 2018.

II. **LEGAL CUSTODY and PHYSICAL CUSTODY WHILE MOTHER RESIDES IN NORTH CAROLINA**

A. **Legal Custody**. Mother and Father shall share joint legal custody of [Child] while Mother is in North Carolina. The Parties shall resolve Joint [sic] legal custody issues that arise while Defendant/Mother resides in North Carolina in the following manner: 1) the Parties shall first consult each other on legal custody issues in a civil and amicable manner through Our Family Wizard (OFW), as set forth in section A. 6. Below; 2) obtain both parties input on the major decisions regarding the child and 3) provide a record of their communication in OFW for counselors or other professionals to review if they seek their assistance.

1. **Decision Making**. . . .

. . . .

2. **Joint Communication/Co-Parenting**. . . .

. . . .

3. **Contact Information**. . . .

4. **[Child]'s Family/sitter's Contact**. . . .

. . . .

5. **Respectful [L]anguage**. . . .

6. **Our Family Wizard**. . . .

. . . .

B. **Physical Custody**[.] The Court orders that, by agreement of the parties, so long as Mother temporarily resides in North Carolina, Father is awarded sole physical custody of [Child], subject to Mother's rights of reasonable visitation. Mother shall have unlimited telephone, SKYPE, FaceTime contact directly with the child at reasonable hours taking into consideration the child's scheduled activities or planned events. If [Child] so desires, the parties shall facilitate his exercise of unlimited telephone, SKYPE or FaceTime contact with the other parent at reasonable hours.

(Footnote added.)

Father filed a notice of appeal from the Post-Decree Order on September 25, 2019. The family court entered findings of fact and conclusions of law on November 25, 2019.

## DISCUSSION

> [T]he family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (citation omitted). Father's opening brief contains five points of error,[5] but argues only two.

1. Father contends that the family court erred by not awarding him sole legal custody of Child, or at least giving him "tie-breaking authority" (the functional equivalent). We disagree.

Father argues that because he has sole physical custody of Child while Mother is in North Carolina, he should also have sole legal custody because he and Mother "don't agree on anything and we would be bringing every matter to the court." The only legal authority cited by Father for his being given sole legal custody or tie-breaking authority is language from our opinion in PO v. JS, 138 Hawaiʻi 109, 377 P.3d 50 (App. 2016), vacated in part on other grounds, 139 Hawaiʻi 434, 393 P.3d 986 (2017).[6] There, we acknowledged having "held that an extraordinarily high level of conflict between parents . . . qualifies as a material change in circumstances" warranting modification of child custody and visitation provisions. Id. at 119, 377 P.3d at 60 (cleaned up). To that end, Father challenges the following findings of fact made by the family court:

> 19. The parties have a history of disfunction [sic] and disagreement yet were able to communicate concerning joint legal major decisions concerning the child.

---

[5] Father's statement of the points of error does not comply with Rule 28(b)(4) of the Hawaiʻi Rules of Appellate Procedure.

[6] Father's opening brief fails to completely cite PO v. JS, and provides an incorrect pin cite for the language quoted in the brief.

4

. . . .

    27.    Since Mother's decision to relocate to North Carolina, the parties' direct communication and communication through third parties was frustrated <u>by Father</u>.

(Underscoring added.) The family court also found, and Father does not challenge, that

    58.    <u>Father</u> intentionally "blocked" Mother's number from calling Father's phone so that she was not able to have any contact with [Child] directly through Father.

. . . .

    60.    <u>Father</u> refuses to communicate directly with Mother.

    61.    Based on the credible testimony of both parties, <u>Father</u> has been disparaging and demeaning in his communication towards Mother.

. . . .

    67.    It is in the child's best interest that the parties engage in respectful co-parenting.

(Underscoring added.)

The findings of fact challenged by Father are not clearly erroneous; they are supported by substantial evidence in the record, and we are not left with a definite or firm conviction that a mistake was made. <u>See</u> <u>Fisher</u>, 111 Hawaiʻi at 46, 137 P.3d at 360. And, as the Hawaiʻi Supreme Court has noted, "there are legitimate interests in preventing continued relitigation of issues and reducing repetitive motions. However, the family courts have various tools at their disposal to address such situations[.]" <u>Waldecker v. O'Scanlon</u>, 137 Hawaiʻi 460, 470, 375 P.3d 239, 249 (2016). Father has not shown that the family court abused its discretion by not modifying the joint legal custody provisions in the Divorce Decree.

Father also challenges the following conclusion of law made by the family court:

    22.    Based on the Court's Findings of Fact set forth above, the Court concludes that the sixteen factors set forth in HRS § 571-46(b), [sic] in determining custody and visitation in the best interest of the child are satisfied by this Court's Order.

5

Conclusion of law no. 22 is actually a mixed determination of fact and law. When a conclusion of law presents mixed questions of fact and law, we review it under the "clearly erroneous" standard because the court's conclusions are dependent on the facts and circumstances of each individual case. Estate of Klink ex rel. Klink v. State, 113 Hawai'i 332, 351, 152 P.3d 504, 523 (2007). A conclusion of law that is supported by the trial court's findings of fact and reflects an application of the correct rule of law will not be overturned. Id. The family court's findings of fact were supported by substantial evidence in the record. See Fisher, 111 Hawai'i at 46, 137 P.3d at 360. We hold that the family court correctly applied Hawaii Revised Statutes (**HRS**) § 571-46 (2018) to those facts.

**2.** Father also contends that the family court erred by "ordering father's sole physical custody be automatically converted to joint physical custody upon a potential, years-in-the-future relocation by mother." We disagree.

Father's brief quotes a pre-evidentiary-hearing exchange between the family court, Mother's counsel, and Mother to argue that a stipulated award of sole physical custody to Father would "NOT [be] a temporary order[.]" But the Post-Decree Order never awarded permanent physical custody to Father; it referred to the parties' agreement that Father have sole physical custody "so long as Mother temporarily resides in North Carolina[.]" (Underscoring added.) The record indicates that the family court's pre-evidentiary-hearing inclination changed after hearing the testimony and weighing the credibility of the witnesses. The Post-Decree Order recites the Divorce Decree provisions awarding the parties joint physical custody of Child, and states that Mother's temporary relocation to North Carolina warranted modification of that provision. The Post-Decree Order also recites that the family court found Mother's testimony that she moved to North Carolina on a temporary basis to give birth to

6

a newly conceived child, attend school and secure employment while she furthered her education to increase her career options, and that she intends to __return__ to Hawaiʻi within approximately three years, to be credible.  "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact."  __Fisher__, 111 Hawaiʻi at 46, 137 P.3d at 360 (citation omitted).

Father challenges the following conclusions of law:

> 5.  The Court notes that the child will continue to reside in Hawaiʻi when Mother relocates and confirms in the best interest of the child, the award of joint legal custody and joint physical custody under the [Divorce] *Decree*, __when Mother resides in Hawaiʻi__.
>
> 6.  The Court determines that in view of Mother's __temporary__ relocation to North Carolina, it is in the best interest of the child to require or justify the modification or change in physical custody as agreed by the parties, from a joint physical custody schedule to sole physical with Father, subject to Mother's rights of reasonable visitation __during the temporary three-year period of Mother's relocation__.

(Italics in original, underscoring added.)  We hold that the family court correctly applied the facts that it found – which were not clearly erroneous – to the applicable law by awarding sole physical custody to Father while Mother temporarily resides in North Carolina, and returning the parties to the custody status quo under the Divorce Decree upon Mother's return to Hawaiʻi.

Father argues that "any future change of custody based on any relocation of Mother [to Hawaiʻi] must be rightfully and understandably based upon Mother improving herself significantly from her current situation and proving herself to Father . . . . The future change of custody would require a future change in Mother[.]"  Any "future change in Mother" – for better or worse – could form the basis for a modification of custody provisions under HRS § 571-46.1(c) (2018) if a change would be "in the best interests of the child."  The statute provides, in relevant part:

> (c) Any order for joint custody may be modified or terminated upon the petition of one or both parents or on the court's own motion if it is shown that the best interests of the child require modification or termination of the order.

Equally, any future change in <u>Father</u> could <u>also</u> form the basis for a modification of custody provisions under HRS § 571-46.1(c). Based on the record, we hold that the family court did not abuse its discretion by temporarily awarding sole physical custody of Child to Father during Mother's temporary relocation to North Carolina, and returning physical custody to the status quo under the Divorce Decree upon Mother's return to Hawaiʻi.

## CONCLUSION

For the foregoing reasons, the "Decision and Order re Extended Hearing" entered by the Family Court of the First Circuit on August 27, 2019, is affirmed.

Dated: Honolulu, Hawaiʻi, August 27, 2020.

On the briefs:

Michael A. Glenn,
for Plaintiff-Appellant.

David B. Leas,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge